USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___8/22/22___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**KAREN ZUCHOWSKI,** *individually and on behalf of all others similarly situated*,

                                  **Plaintiff,**

        -against-

**SFC GLOBAL SUPPLY CHAIN, INC.,**

                                  **Defendant.**

---

20-CV-10171 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Karen Zuchowski brings this consumer class action against Defendant SFC Global Supply Chain Inc ("SFC"). Defendant has moved to dismiss Plaintiff's complaint. For the reasons set forth below, Defendant's motion is GRANTED.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and are presumed true.

Defendant SFC is a Minnesota corporation that manufactures "Red Baron" brand pizzas, including the Brick Oven Cheese Trio Pizza, Classic Crust Four Cheese Pizza, and Thin & Crispy Five Cheese Pizza. Compl. ¶ 30, ECF No. 1. These three pizzas have labels that represent that the pizzas contain "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS." *Id.* The Complaint defines "chemical preservative" as "any chemical that when added to food tends to prevent or retard deterioration, but does not include common salt, sugars, vinegars, [or] spices[.]" *Id*. ¶ 33 (quoting 21 C.F.R. § 101.22(a)(5)). The Complaint defines "artificial flavor" as "any substance, the function of which is to impart flavor, which is not derived from a spice, fruit or fruit

1

juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material." *Id*. ¶ 34 (quoting 21 C.F.R. § 101.22(a)(1)).

Plaintiff is a resident of New York and a consumer of the Red Baron pizzas. She alleges that she relied on Defendant's "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS" labeling when purchasing the pizzas on several occasions, most recently in September 2020 in the Bronx, New York.

Plaintiff alleges that Defendants misrepresented their products because the pizzas actually contain preservatives and artificial flavoring as they contain modified food starch, hydrolyzed soy, corn protein, sodium stearoyl lactylate, enzymes, and mono- and diglycerides, all of which are chemical food additives. Plaintiff alleges that she would have bought pizzas less expensive than Defendant's products if she had known that Defendant's pizzas did not actually contain preservative free crust and no artificial flavors.

## PROCEDURAL HISTORY

Plaintiff initiated this action on December 3, 2020, bringing her claims individually and on behalf of those similarly situated from the following classes of consumers who purchased the relevant products in the relevant time period: a national class, a consumer fraud multi-state class, and a New York sub-class. Plaintiff alleges the following claims against Defendant: violation of state consumer fraud acts, violation of Sections 349 and 350 of the New York General Business Law ("GBL"), common law fraud, breach of express warranties, breach of implied warranties, and unjust enrichment.

Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1), and 12(b)(2). Defendant argues that (1) Plaintiff failed to state a claim for her

New York Business Law §§ 349 & 350 claim, breach of express warranty claim, and common law fraud claim;[1] (2) Plaintiff failed to provide Defendant with timely notice of the common law fraud claim; (3) Plaintiff's unjust enrichment claim is duplicative; (4) the Court does not have personal jurisdiction over the non-resident multistate class members and SFC; (5) and Plaintiff lacks standing to pursue injunctive and declarative relief. The Court considers the motion fully submitted.

## STANDARD OF LAW

To survive a 12(b)(6) motion, a claim must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. The complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & iStone Corp. v. Oldcastle Northeast, Inc*., 507 F.3d 117, 121 (2d Cir. 2007). To decide the motion, the Court "may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp*., 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted).

---

[1] Plaintiff has withdrawn her implied warranty claim. Accordingly, the Court dismisses the implied warranty claim.

**DISCUSSION**

Plaintiff brings suit under Sections 349 and 350 of the New York General Business Law. GBL § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" and GBL § 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce. GBL § 349–50. To assert a claim under Sections 349 and 350, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Nick's Garage, Inc. v. Progressive Casualty Ins. Co.*, 875 F.3d 107, 124 (2d Cir. 2017) (internal quotation marks and citations omitted). "The standard for recovery under General Business Law § 350, while specific to false advertising, is otherwise identical to section 349, and therefore the Court will merge its analysis of the two claims." *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 575 (S.D.N.Y. 2021) (internal quotation marks and citations omitted). Though the issue of whether a reasonable consumer was misled by a business act or practice is normally a question of fact, "[i]t is well settled that a court may determine as a matter of law that an allegedly deceptive [act or practice] would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (internal quotation marks and citations omitted).

## I.   No Artificial Flavors

Plaintiff alleges that modified food starch and hydrolyzed soy and corn protein, "which are commercially manufactured and highly processed, and which contain monosodium glutamate (or "MSG") as a byproduct of the protein processing," are artificial flavors. Compl. ¶¶ 6–7. According to Plaintiff, the ingredients are artificial because they "undergoe[] a chemical process that changes

4

[their] original form" and are altered to become synthetic substances. Compl. ¶ 47. Therefore, according to Plaintiff, the representation that the pizzas contain "NO ARTIFICIAL FLAVORS" is misleading to consumers.

As Defendant argues, the Complaint incorporates the definition of "artificial flavor" established by the United States Food and Drug Administration ("FDA"): "[A]ny substance, the function of which is to impart flavor, which is not derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material . . . ." Compl. ¶ 34 (quoting 21 C.F.R. § 101.22(a)(1)). The same regulation provides that synthetic flavors are artificial flavors "except where these [synthetic flavors] are derived from natural sources." 21 C.F.R. § 101.22(a)(1)). Thus, as the allegedly artificial flavors are not alleged to be derived from artificial sources, and are in fact derived from natural sources—soybeans, corn, and other plants—Plaintiff's claim cannot stand.

The Court agrees with Defendant. The Complaint has not sufficiently alleged that the pizzas contain non-artificial flavors. As this Court has previously held, "[a]bsent any factually substantiated allegations that the [flavors] in Defendants' product are not derived from natural sources, the Court finds that Plaintiffs have failed to allege the presence of artificial flavors, and their claim that the ingredient list makes a materially misleading omission thus fails." *Wynn v. Topco Assocs.*, LLC, No. 19-CV-11104, 2021 WL 168541, at *6 (S.D.N.Y. Jan. 19, 2021).

Further, the Complaint does not support its allegation that consumers expect a "No Artificial Flavors" representation to mean that the product includes no chemically-altered  flavors even if those flavors are derived from natural sources. The Complaint merely offers the generalization that "[c]onsumers are particularly vulnerable to these kinds of false and deceptive

labeling and marketing practices." Compl. ¶ 55. Such unsubstantiated allegations do not pass muster. *See Santiful v. Wegmans Food Markets, Inc.*, No. 20-CV-2933, 2022 WL 268955, at *3 (S.D.N.Y. Jan. 28, 2022) (holding that "allegations that consumers expect the Product to be flavored mainly or predominantly with flavoring from vanilla beans are conclusory statements that the Court is not required to accept" because the "Complaint does not substantiate these allegations in any manner").

## II.    Preservative-Free Crust

Plaintiff also alleges that Defendant deceptively misrepresents that the pizzas do not contain preservatives. Plaintiff again adopts the FDA definition when defining preservative: "any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugar, vinegars [or] spices." Compl. ¶ 33 (quoting 21 C.F.R. § 101.22(a)(5)). Plaintiff claims that the pizzas use sodium stearoyl lactylate, enzymes, and mono- and diglycerides, which Plaintiff classifies as preservatives. Specifically, the Complaint alleges that these ingredients function as "as an anti-staling agent in breads to preserve the softness of the crust during the product's shelf life," and "as an anti-staling agent in baked goods." Compl. ¶ 4. However, Plaintiff does not explain how these ingredients operate as preservatives in Defendant's product, frozen pizzas, as opposed to breads and baked goods. Thus, Plaintiff has not sufficiently alleged the presence of preservatives in the pizzas and her claim that the "PRESERVATIVE FREE CRUST" labeling is a deceptive practice fails.

This Court finds as a matter of law that Plaintiff has failed to adequately plead a materially misleading representation under GBL Section 349 and 350. Because Plaintiff has not pleaded an underlying materially misleading representation, the other claims in this case, which are pleaded

on the basis that the label would likely deceive or mislead, are dismissed. *See Dashnau v. Unilever Mfg. (US), Inc.*, 529 F. Supp. 3d 235, 247 (S.D.N.Y. 2021) (dismissing remaining claims, including breach of warranty, fraud, and unjust enrichment because they were "based on the assertion that Defendant's Product is materially misleading"); *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 806 (S.D.N.Y. 2021) ("Because the Court has already determined that [Plaintiff] has failed to allege that the product's labeling would be likely to deceive or mislead a reasonable consumer, these causes of actions are also dismissed for the reasons already stated.").

## CONCLUSION

Defendant's motion to dismiss the Complaint is GRANTED. The Clerk of Court is respectfully directed to terminate this motion, ECF No. 28, and close this case.

**SO ORDERED.**

**Dated: August 22, 2022**
   **New York, New York**

\_\_                                **ANDREW L. CARTER, JR.**
                                    **United States District Judge**

7